## WIGGINS ET AL *v.* BURKHAM.

1. An account rendered, and not objected to within a reasonable time, is to be regarded as admitted by the party charged, to be *primâ facie* correct.
2. If certain items in an account under such circumstances are objected to within a reasonable time, and others not, the latter are to be regarded as covered by such an admission.
3. What is to be regarded as a reasonable time is, when the facts are clear, a matter of law. Where the proofs are conflicting, it is a mixed one of law and fact; and in such cases the court should instruct the jury upon the several hypotheses of fact insisted on by the parties.
4. Between merchants at home, an account presented, and remaining unobjected to, after the lapse of several posts, is treated, under ordinary circumstances, as being, by acquiescence, a stated account.
5. But the court will not take notice judicially of the time which rail-cars require to run between different places, and of the frequency of the mails between them.
6. Where the bill of exceptions does not purport to set out all the evidence given in a case below, and it does not appear what other evidence, if any, was there given, a court of error will not reverse for an instruction whose correctness or want of it depends upon the state of the evidence; the terms of the instruction not necessarily implying that there were not facts in proof bearing upon the subject besides those of which the instruction was expressly predicated; and error not being matter to be presumed, but contrariwise.

ERROR to the Circuit Court for the District of Indiana, in which court Burkham brought suit to recover an account against Wiggins and four other defendants.

*Mr. T. A. Hendricks, for the plaintiff in error; Messrs. Mc-Donald, Roache, and McDonald, contra.*

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the District of Indiana. The action is assumpsit. The declaration contained only the common counts. The case, as shown by the bill of exceptions, is as follows: Burkham, the plaintiff, lived in Chicago, and the defendants at Hagerstown, in Indiana, distant from Chicago about 220 miles by railroad. Upon the trial, evidence was given tend-

ing to prove that the plaintiff, *on or about the 16th of May,* 1866, sent to the defendants by mail a written statement of the account sued upon, in the nature of an account current, and that the defendants made no objection to it till on or. about *the 28th of that month,* when they addressed a letter to the plaintiff by mail objecting to some items of the account, but making no objection to others, to which latter items it did not appear they ever objected until after the commencement of the suit. The plaintiff asked the court to instruct the jury:

"That when an account is rendered by a creditor to his debtor, if the debtor does not, within a reasonable time after he has examined the same, make any objection thereto, his silence unexplained is an implied admission of the correctness of such account, though not conclusive evidence thereof; and if the debtor, within such time, objects to some of the items, and, during such reasonable time, makes no objection to the residue of such items, he ought, *primâ facie,* to be presumed thereby to admit the correctness of the items not objected to; and in both the foregoing instances the account so in whole or in part admitted, is to be deemed, in legal effect, an account stated."

This instruction was given. The defendants thereupon asked the court to instruct as follows:

"That if the plaintiff made out his account on the 16th day of May, 1866, and then sent it to the defendants, it was within a reasonable time, if the defendants, on the 28th day of that month, by letter, notified the plaintiff of their dissatisfaction with that account."

But the court refused to give the said instruction, and, on the contrary, then and there instructed the jury:

"That what was reasonable time for a debtor to object to his creditor's account, after its presentation to him, is a matter of fact for the consideration of the jury, and not a matter of law to be decided by the court."

The defendants excepted to the instructions given, and to the refusal to instruct, as asked by them. This action of the court presents the only subject for our consideration. The

bill of exceptions does not purport to set out all of the evidence. What other evidence was given, if any, does not appear.

The first instruction given by the court below, embraces two propositions:

1. That an account rendered, and not objected to within a reasonable time, is to be regarded as admitted by the party charged to be *primâ facie* correct.

2. That if certain items in an account under such circumstances are objected to within a reasonable time, and others not, the latter are to be regarded as covered by such an admission.

We see nothing objectionable in these propositions. They are in accordance with all the leading authorities on the subject.*

The other exception also involves two propositions:

1. That the court refused to instruct the jury that, upon the hypothesis stated, the account was objected to by the defendants within a reasonable time.

2. That the court did instruct that what was a reasonable time was not a question of law to be decided by the court, but a question of fact for the jury.

Judge Story says: "Between merchants at home, an account which has been presented, and no objection made thereto, after the lapse of several posts, is treated, under ordinary circumstances, as being, by acquiescence, a stated account."†

The principle which lies at the foundation of evidence of this kind is, that the silence of the party to whom the account is sent warrants the inference of an admission of its correctness. This inference is more or less strong according to the circumstances of the case. It may be repelled by showing facts which are inconsistent with it, as that the party was absent from home, suffering from illness, or expected shortly to see the other party, and intended, and preferred, to make his objections in person. Other circumstances of a like

---

* Lockwood v. Thorne, 1 Kernan, 170; 1 Story's Equity, § 526.

† Equity, § 520. See also Lockwood v. Thorne, 1 Kernan, 173, 174.

character may be readily imagined.* As regards merchants residing in different countries, Judge Story says: "Several opportunities of writing must have occurred."†

We see no objection to the rule as he lays it down, in respect to parties in the same country.

When the account is admitted in evidence as a stated one, the burden of showing its incorrectness is thrown upon the other party. He may prove fraud, omission, or mistake, and in these respects he is in no wise concluded by the admission implied from his silence after it was rendered.‡

If the car-time between Hagerstown and Chicago were ten hours, as is alleged by the counsel for the defendant in error, and there were "several posts" between the time when the account sent to the defendants, on the 16th of May, reached them, and the 28th of that month, when they replied, the court properly refused the instruction which they asked. Whether these facts were in evidence does not appear. We are asked to take judicial notice of them. This we cannot do, however well satisfied we may be upon the subject. They should have been proved by proper testimony. But error is not to be presumed. It must be affirmatively shown. The facts in question may have been proved, and this may have been the reason of the refusal by the court to instruct as asked by the defendants. The propriety of the refusal depended upon the state of the evidence. The terms of the instruction do not necessarily imply that there were not facts in proof bearing upon the subject, besides those of which the instruction was expressly predicated. The car-time and the number of mails may have been proved or admitted. If these facts were not in proof the bill of exceptions, under the circumstances, should have so stated. It does not appear, from anything in the record, that the court erred in refusing to give the instruction. The presumption is the other way.

The proposition that what is reasonable time in such cases is a question for the jury, as laid down by the court below, cannot be sustained. Where the facts are clear, it is always

---

* Lockwood *v.* Thorne, 18 New York, 289.      † Equity, § 526.
‡ Perkins *v.* Hart, 11 Wheaton, 256.

a question exclusively for the court.    The point was so ruled
by this court in *Toland* v. *Sprague.**    Where the proofs are
conflicting, the question is a mixed one of law and of fact.
In such cases the court should instruct the jury as to the
law upon the several hypotheses of fact insisted upon by the
parties.

If the evidence in the case was such as warranted the
court in refusing the instructions asked by the defendants,—
if there were several posts between the time of the receipt
of the account by the defendants and the date of the letter
objecting to it,—the court should have instructed the jury
that the letter was not within a reasonable time, which is
the opposite of the instruction asked.    This would have
been conclusive against the defendants.    The error of the
court in submitting the question to the jury was therefore
favorable to them, and they have no right to complain.

JUDGMENT AFFIRMED.

---

* 12 Peters, 336; see also Lockwood *v.* Thorne, 1 Kernan, 175.