[No. 4486.    Decided October 1, 1903.]

GEORGE F. KETCHUM, *Respondent,* v. STETSON & POST
MILL COMPANY, *Appellant.*[1]

SALES—VALIDITY—GOODS NOT IN ESSE. The objection that a
sale of logs is void because they were not in existence at the time
the sale was made, can not be urged by the purchaser after the
contract is fully executed except as to paying the purchase price.

SALES—AGREED PRICE—STATEMENT OF ACCOUNT—CONCLUSIVE-
NESS. An agreed price for goods sold is sufficiently shown by the
vendor, where the vendee made a statement of the account at the
price contended for, and such statement is conclusive as to the
items specified, notwithstanding a disputed counterclaim for dam-
ages.

SALES—IMPLIED WARRANTY—LATENT DEFECT—INJURY TO MILL
BY. There is no implied warranty rendering the vendor of a

[1]Reported in 73 Pac. 1127.

boom of logs responsible for injuries to the vendee's mill by rea-
son of a piece of iron imbedded in one of the logs, when the ven-
dor was not the manufacturer and had no notice of the defect and
the vendee inspected the logs before running them through his
mill.

Appeal from a judgment of the superior court for King
county, Bell, J., entered April 7, 1902, upon the verdict
of a jury rendered in favor of the plaintiff by direction of
the court.    Affirmed.

*J. W. Rayburn,* for appellant.    An agreement to sell
property not in existence is void.    *Laughton v. Higgins,*
4 H. & N. 402; *Mitchell v. Winslow,* 2 Story 630; *Dickey
v. Waldo,* 97 Mich. 255, 56 N. W. 608, 23 L. R. A. 449;
*Bibend v. Liverpool & L. F. Co.,* 30 Cal. 79; *Otis v. Sill,*
8 Barb. 102.    There was an implied warranty that the
logs were reasonably fit for the purpose intended.    *Tacoma
Coal Co. v. Bradley,* 2 Wash. 600; *Huntington v. Lombard,*
22 Wash. 202; *Ketchum v. Wells,* 19 Wis. 25; *Jones v.
Just,* L. R., 3 Q. B. 197; *Morse v. Union etc. Co.,* 21 Ore.
289, 28 Pac. 2, 14 L. R. A. 157; *Dushane v. Benedict,* 120
U. S. 630, 7 Sup. Ct. 696; *French v. Vining,* 102 Mass.
132; *Jeffrey v. Bigelow,* 13 Wend. 518, 28 Am. Dec. 476.
It is not necessary to show that the vendor had knowledge
of the defect.    *Chandler v. Lopas,* 1 Smith's Lead. Cas.
344; *Shaw v. Smith,* 45 Kan. 334, 25 Pac. 886; *Hillman
v. Wilcox,* 30 Me. 170; *Schuchardt v. Allens,* 1 Wall. 359.
That one of two innocent parties should suffer whose
acts occasioned the loss.    *Barnard v. Campbell,* 55 N. Y.
456, 14 Am. Rep. 289; *Somers v. Brewer,* 2 Pick. 202.

*W. H. Bogle* and *R. S. Jones,* for respondents.    The
rule of *caveat emptor* applies.    *Hight v. Bacon,* 126 Mass.
10, 30 Am. Rep. 639; *Barnard v. Kellogg,* 10 Wall. 383;
*Dounce v. Dow,* 64 N. Y. 411.

PER CURIAM.—This was an action begun by respondent against the appellant to recover $709.28, alleged to be the agreed purchase price of a boom of saw logs sold and delivered to the appellant by the respondent. The appellant, by its amended answer, put in issue all the material allegations of the complaint, and then pleaded at length several affirmative defenses; the principal one being a counterclaim for injuries to appellant's mill, in the sum of $358.16, caused by a piece of iron which in some manner became imbedded in one of the logs composing the boom sold. There are other allegations, which will be noticed later on, but which require no special mention here. Respondent denied, generally and specially, all of the material allegations of the answer.

Prior to the trial, the appellant paid respondent $351.12, under stipulation that such payment was made without prejudice to the rights of either party to the action. At the trial in the superior court, after hearing the evidence on both sides, the court directed the jury to find a verdict in favor of respondent for $358.16, with interest, the whole amounting to $373.36. Appellant made and filed a motion for a new trial, which was overruled, exception taken, and judgment rendered on the verdict, from which defendant, Stetson & Post Mill Company, appeals.

The first point made by the appellant is that prior to March 15, 1901, the date of the delivery and receipt of the logs in question, at the time when the first negotiations were had between respondent and one Judy, who cut and furnished the logs, the property was not *in esse,* and therefore the sale is void. With such contention we cannot agree. Were the appellant attempting to enforce an executory contract for the sale of the logs, such an objection might be pertinent, but it has no place where the contract has been

so far executed that nothing remains to be done except to pay the purchase price.

It is next said that the evidence did not show that the logs were sold for an agreed price, but that it showed only a contract to pay their reasonable value. But we think the appellant is again in error. Mr. Stetson, president of appellant company, when on the witness stand, testified in effect that the logs were sold for an agreed price; and the company, in a statement of account which it furnished the respondent, listed the logs at the price respondent contends was the agreed price. It is true the appellant's counsel argues that such statement is not binding, for the reason that the counter demand of $358.16, representing damages sustained by appellant, was disputed by respondent, We think, however, that the statement, in the absence of proof of mistake, was conclusive evidence that the price of logs was agreed upon by the parties. In *Tuggle v. Minor,* 76 Cal. 100, 18 Pac. 132, it was said, "But it has been held that when all the items of an account are admitted to be correct, except particular ones which are left by the parties for future adjustment, the account becomes stated as to those items which are admitted to be correct;" citing *Wiggins v. Burkham,* 10 Wall. 129, 19 L. Ed. 884; 2 Greenleaf, Evidence, § 126; *Terry v. Sickles,* 13 Cal. 427.

The next point urged by the appellant is that there was an implied warranty as to the quality and soundness of the logs on the part of respondent, he knowing the purposes for which they were to be used by appellant when he entered into the contract of sale with it, and delivered to it the logs. The respondent, at the time of the delivery of the logs, was a merchant engaged in a general mercantile business at Stanwood, Snohomish county, which fact was known to appellant. The logs were towed to, and deliv-

ered at, the mill by one Dugan, the agent of respondent, where they were graded and scaled by him (Dugan) and accepted by appellant. Its inspector and agent carefully inspected the logs before running any of them through its mill.    About four days after delivery, while appellant was engaged in sawing one of the logs into lumber, its saws struck a piece of iron imbedded in its side, supposed to be a part of a dog or hook used in hauling logs, breaking its saws into particles, and causing other injuries to the mill.    The piece of metal was so concealed and imbedded in the timber that it was not discovered by appellant, or by any of its agents or employees.    There was no testimony showing that respondent, or any agent of his in the transaction, knew, or had reason to believe, that such metal was imbedded in the log.

The question for solution is, can a vendor, who is not the manufacturer of a given commodity, be held responsible for a latent defect therein, under the testimony as presented by the record in this cause?    No authority is cited by appellant going that far, either on the ground of implied warranty or imputed negligence on the part of a vendor; and we confess an inability, after an extended research among different treatises on sales, and the decisions of courts, including those referred to by appellant's counsel, to find any such.    The cases (*Tacoma Coal Co. v. Bradley,* 2 Wash. 600, 27 Pac. 454, 26 Am. St. 890, and *Huntington v. Lombard,* 22 Wash. 202, 60 Pac. 414) cited by appellant do not so hold.    In the first of these, on page 603, the following language appears in the opinion:    "There can be no doubt that the contract between the parties amounted to a warranty on the part of respondents of the quality of the brick ordered by appellant;" the court holding there was an actual warranty.    In the lat-

ter case, one of the questions considered by the court was whether the representations of the seller amounted to an actual warranty.    The court held that they did.

In the case at bar, no representations were made by the vendor as to the quality of the merchandise sold, and there is no pretense of an actual warranty.    So that, if the respondent is to be held, it must be upon an implied warranty.    In *Dushane v. Benedict,* 120 U. S. 636, 7 Sup. Ct. 696, 30 L. Ed. 810, the rule as to the liability of a seller on an implied warranty is stated in the opinion in the following language:    "When a dealer contracts to sell goods which he deals in, to be applied to a particular purpose, and the buyer has no opportunity to inspect them before delivery, there is an implied warranty that they shall be reasonably fit for that purpose."    The action was in assumpsit, brought by a rag dealer against Dushane and Stonebraker for rags sold and delivered.    One of the defenses was a breach of warranty as to quality and soundness of the merchandise sold.    On page 647, the court further says:    "This evidence, taken in connection with that already mentioned, was in our opinion sufficient to be submitted to the jury, as tending to prove *that the plaintiff knew* that the rags which he sold and shipped as clean rags, fit to be used in the manufacture of paper, were in fact infected with the smallpox, and that he fraudulently represented them to be clean, intending to deceive and defraud the defendants;" thus making the rule rest on the fact of knowledge on the part of the vendor that the goods sold were not what they appeared to be, and on the fact that the purchaser did not have an opportunity to inspect them.    In this case, as we say, there was no proof of knowledge on the part of the vendor that the defect complained of existed, and it was shown that they were in-

spected by the purchaser; hence, under the authority of this case, there was no implied warranty that the logs did not contain an unknown hidden defect. And such we think must be the rule. On the record, therefore, we think there were no material questions of fact which were required to be submitted to the jury, and that the court did not err in directing a verdict for the respondent.

The judgment of the superior court should be affirmed, and it is so ordered.