Morris L. AUFFENBERG,
Appellant–Petitioner,

v.

BOARD OF TRUSTEES OF COLUMBUS
REGIONAL HOSPITAL, formerly Bar-
tholomew County Hospital, Appellee–
Respondent.

No. 03A04–9404–CV–137.

Court of Appeals of Indiana,
Fourth District.

Jan. 19, 1995.

M. Robert Benson, Timothy Logan, Benson, Pantello, Morris & James, Fort Wayne, for appellant.

Harold V. Jones, Jr., Cynthia A. Boll, Jones, Patterson, Boll & Tucker, Columbus, for appellee.

## OPINION

RILEY, Judge.

Appellant–Defendant Morris L. Auffenberg (Morris) appeals the trial court's grant of summary judgment in favor of the Appellee–Claimant Board of Trustees of Columbus Regional Hospital, formerly Bartholomew County Hospital (Hospital).

We affirm.

### ISSUE

Morris raises the following issue for our review:

1. Did the Hospital comply with the requirements of Ind.Trial Rule 56?

2. Can the trial court's grant of summary judgment be sustained on a theory of accounts and accounting?

### FACTS

On July 22, 1991, Morris was admitted to the Hospital after suffering a stroke. Upon arrival, Morris's wife, Carolyn J. Auffenberg (Carolyn) signed a Condition of Service form as Morris was unable to sign for himself. Morris's treatment at the Hospital lasted for 73 days and involved intensive coronary care, medical/surgical care, and rehabilitation care.

Following Morris's release from the Hospital, Carolyn received a bill for $46,138.55. After paying the insurance deductible, she delivered the bill to Morris's insurer, Union Health and Welfare (Union Health).

In October, 1991, Union Health sent a payment of $39,545.11 to the Hospital. In an enclosed letter, Union Health stated that this amount was their full payment for services rendered to Morris; that Morris was responsible for $283.00 of the remaining balance; and that it was consulting with Informed Patients, a health care consulting company, to review inpatient and outpatient charges for duplicate, inappropriate, and excessive billing. Union Health requested the Hospital "supply an itemized bill for services and products" and asked that inquiries be directed to Informed Patients. (R. 59). On December 9, 1991, and January 11 and 23, 1992, Informed Patients sent letters to the Hospital in an attempt to resolve the dispute over the disallowed billing.

On December 30, 1991, the Hospital sent a letter to Morris stating that it did not recognize the decision of Informed Patients; that the balance of his bill was due by January 15, 1992; and that if he did not respond, legal action would be taken. In addition, the Hos-

pital sent Morris a certified notice on January 13, 1992.

Union Health paid an additional $447.00 in February, 1992. Carolyn did not pay any amount of the Hospital's bill over the insurance deductible.

On March 16, 1992, the Hospital filed a claim for services rendered to Morris in the amount of $6,146.44. The claim stated that the amount represented "an unpaid balance due on open account(s) for services rendered to [Morris]." (R. 9). On August 17, 1993, the Hospital filed a motion for summary judgment, and after a hearing the trial court granted the motion on December 24, 1993.

Morris appeals.

## DISCUSSION

■ In our review of an entry of summary judgment, we consider the same issues and conduct the same inquiry as the trial court. *O'Donnell v. American Employers Ins.* (1993), Ind.App., 622 N.E.2d 570, 572, *reh'g denied, trans. denied.* The purpose of summary judgment is to terminate litigation about which there can be no factual disputes, *Fifth Third Bank v. Bentonville Farm Supply* (1994), Ind.App., 629 N.E.2d 1246, 1248, *reh'g denied, trans. denied,* and it is only appropriate where the moving party demonstrates by properly designated evidentiary matter that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. T.R. 56(E). All evidence must be construed favorably to the nonmoving party, and all doubts as to the existence of a material issue must be resolved against the moving party. *J.A.W. v. Loretta Roberts* (1994), Ind.App., 627 N.E.2d 802, 807. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *Ayres v. Indiana Heights Volunteer Fire Dep't* (1986), Ind., 493 N.E.2d 1229, 1233.

■ We will affirm a trial court's grant of summary judgment if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. T.R. 56(C); *Stowers v. Norwest Bank Indiana* (1993), Ind.App., 624 N.E.2d 485, 488, *reh'g denied.*

## I.

■ Initially, Morris argues that summary judgment cannot be sustained because the Hospital failed to properly designate evidence supporting its motion. We do not agree. Trial Rule 56(C) requires that a party shall designate to the court all evidence and any other matters on which it relies in support of or in opposition to a motion for summary judgment. With regard to the requisite specificity of the designation, our supreme court has held that a party does not meet its burden on summary judgment merely by designating entire portions of the record, such as depositions. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434 n. 2; *see Kissell v. Vanes* (1994), Ind. App., 629 N.E.2d 878, 880. Our courts have also noted that a party complies with the designation requirement by specifying in a brief or memorandum in support of the motion or response those portions of the record relied upon. *See Pierce v. Bank One–Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 19. It is generally true, as Morris contends, that briefs or memoranda may not be considered as evidence in ruling on a motion for summary judgment. *See J.A.W. v. Roberts* (1994), Ind.App., 627 N.E.2d 802, 808. However, a brief or memorandum may be used as the means to fulfill the designation requirement of Trial Rule 56. *See Pierce,* 618 N.E.2d at 19.

Here, in its motion for summary judgment, the Hospital designated two affidavits and Carolyn's deposition. Then, in a brief in support of its motion, the Hospital cited to specific paragraphs of the affidavits and pages of the deposition. We conclude that the Hospital adequately designated evidence and complied with Trial Rule 56.

## II.

Morris contends that summary judgment was erroneously granted based either upon an open account theory or a stated account theory. The Hospital disagrees and argues that under either theory, summary judgement was appropriate. We find that the trial court's judgment can be sustained on an account stated theory.

■ An account stated is established by an agreement between the parties that all items of the account and the balance of those items are correct, together with a promise, express or implied to pay the balance. *Contech Architects and Eng'rs v. Courshon* (1979), 180 Ind.App. 77, 89, 387 N.E.2d 464, 471; *Urbanational Developers v. Shamrock Eng'g* (1978), 175 Ind.App. 416, 428, 372 N.E.2d 742, 750. An agreement that the balance is correct may be inferred from delivery of the statement and the account debtor's failure to object to the amount of the statement within a reasonable amount of time. *Id.* When the underlying material facts are undisputed, what constitutes a reasonable time to object to a statement of account is a question of law. *See Wiggins v. Burkham* (1870), 77 U.S. 129, 132–33, 19 L.Ed. 884.

■ The amount of the statement, while not conclusive, is prima facie proof of the amount owed on the account. *Department of Public Welfare v. Chapel Pharmacy* (1980), Ind.App., 407 N.E.2d 1211, 1212; *see Bosson v. Brash* (1916), 63 Ind.App. 86, 90, 114 N.E. 6, 8; 1 I.L.E. *Accounts and Accounting* Section 35 (1957). Once a prima facie case is made on an account stated, the burden of proof shifts to the account debtor to prove that the amount claimed is incorrect.

■ In the present case, although there was no express agreement between Morris and the Hospital that the items on his account and the balance of those items were correct, the trial court could have inferred an agreement from Morris's failure to object to the Hospital's statement of account within a reasonable time. Morris was discharged from the Hospital on October 2, 1991. Union Health remitted a partial payment to the Hospital and enclosed a letter stating that it was reviewing the remaining charges for excessive, inappropriate, and duplicate billing. After the Hospital and Informed Patients corresponded, the Hospital notified Morris in a letter dated December 30, 1991, that it did not recognize the decision of Informed Pa-

tients; that the balance of his bill was due by January 15, 1992; and that if he did not respond, legal action would be taken. The Hospital sent Morris an additional notice on January 13, 1992. There is no evidence in the record that Morris or Carolyn registered any protest or disagreement regarding the Hospital's bill, either as to the items or amount charged on the items.[1] The first indication that Morris objected to the charges came only after the Hospital filed suit against Morris the following March.

■ This court has held that failing to object to liability on an account until a suit is filed constitutes failure to object to the account within a reasonable time and supports the inference of an agreement that the account balance is correct. *See Northwest Calf Farms v. Poirier* (1986), Ind.App., 499 N.E.2d 1165, 1168, *reh'g denied, trans. denied* (receipt of invoices and no denial of liability before lawsuit commenced supported judgment on account stated); *Sandock v. Taylor Constr.* (1981), Ind.App., 416 N.E.2d 882, 886 (failure to deny liability or object to invoices until after suit filed was failure to object within reasonable time and created account stated to permit award of prejudgment interest). Neither Morris nor Carolyn personally objected to the Hospital's charges before the Hospital filed this action. We conclude as a matter of law that under these circumstances Morris did not object to the uninsured balance of the account within a reasonable time, and thus, the trial court could properly infer that an account stated had been established.

Once an account stated had been established, Morris had the burden of establishing that the account stated was incorrect. *See Wiggins*, 77 U.S. at 132. However, while Morris disputed the reasonableness of the account, he neither designated evidence nor argued at the summary judgment hearing that the Hospital had not provided the services and supplies reflected on the bill or that the Hospital was not entitled to recover its charges for the services and supplies. Thus,

---

1. The objection of Informed Patients cannot be attributed to Morris under agency principles, as Informed Patients was acting on behalf of Mor-ris's insurer. Such objections cannot be imputed to Morris.

the trial court did not err when it found that there was no genuine issue of fact submitted to it and that the Hospital was entitled to judgment as a matter of law.

Judgment affirmed.

CHEZEM and NAJAM, JJ., concur.