MHC SURGICAL CENTER ASSOCIATES, INC., Podiatric Medical Associates, P.C. and Dr. Frederick N. Fedorchak, F.A.C.F.S., Appellants–Plaintiffs,

v.

STATE of Indiana OFFICE OF MEDICAID POLICY AND PLANNING, Appellee–Defendant.

No. 45A04–9704–CV–121.

Court of Appeals of Indiana.

Aug. 12, 1998.

Timothy F. Kelly, Steven J. Sersic, Law Offices of Timothy F. Kelly and Associates, Munster, for Appellants–Plaintiffs.

Jeffrey A. Modisett, Attorney General, Frances Barrow, Deputy Attorney General, Indianapolis, Appellee–Defendant.

## OPINION

BAKER, Judge.

Appellants-plaintiffs MHC Surgical Center Associates, Inc., Podiatric Medical Associates, P.C. and Dr. Frederick N. Fedorchak, F.A.C.F.S. (Providers) appeal the trial court's grant of appellee-defendant State of Indiana Office of Medicaid Policy & Planning's (OMPP) motion to dismiss Providers' complaint. Specifically, Providers contend that the trial court improperly concluded that it did not have subject matter jurisdiction over their complaint.

### FACTS

Between 1992, and 1996, Providers offered qualified services to Medicaid-eligible recipients. Thereafter, they sought reimbursement for the services by submitting to the OMPP 351 claims, totaling approximately $270,000. Despite their efforts, the OMPP did not take any action on any of the claims over a period of four years. As a result, Providers filed an action against the OMPP in the Lake Superior Court on May 6, 1996. In their complaint, Providers alleged that, as qualified health care providers, they were

entitled to be reimbursed for the qualified services which they had provided to Medicaid-eligible patients. Providers further alleged that because the OMPP failed to deny or suspend the claims within the time period provided by statute, the amount of the claims had been established and the OMPP was merely required to pay the full amount of each claim.

On July 5, 1996, the Attorney General, on behalf of the OMPP, filed a motion to dismiss Providers' complaint for lack of subject matter jurisdiction. In its motion, the OMPP claimed, among other things, that the trial court lacked subject matter jurisdiction over Providers' complaint because they failed to exhaust their administrative remedies pursuant to the AOPA.

A hearing on the motion to dismiss was held on January 7, 1997, after which the trial court dismissed Providers' complaint for lack of subject matter jurisdiction, concluding that Providers failed to exhaust their administrative remedies. Providers now appeal.

### DISCUSSION AND DECISION [1]

Providers contend that the trial court improperly concluded that it did not have subject matter jurisdiction over their complaint. In particular, Providers argue that because the OMPP failed to take any action on their claims within the requisite time period, the OMPP lost its authority to deny or suspend the claims. Thus, they contend they were without an adequate remedy with the OMPP and, therefore, were not required to exhaust their administrative remedies prior to seeking judicial review. Additionally, Providers argue that the trial court had authority to order the OMPP to reimburse them for the full amount of the claims as an account stated. Providers also contend in a related argument that because the OMPP no longer had the power to deny or suspend the claims, the trial court had the power to order the OMPP to perform the ministerial act of paying the full amount of the claims.

■ Initially, we note our standard of review. When a trial court is confronted with a motion to dismiss based on Ind. Trial Rule 12(B)(1), the trial court is required to

determine whether it has the power to adjudicate the action. *Doe by Roe v. Madison Center Hosp.*, 652 N.E.2d 101, 103 (Ind.Ct. App.1995). On appeal, we accept as true the facts as set forth in the complaint. *Id.* Further, we are in as good a position as the trial court to determine whether the court had subject matter jurisdiction. *Putnam County Hosp. v. Sells*, 619 N.E.2d 968, 970 (Ind.Ct. App.1993).

■ First, we address Providers' contention that they were not required to exhaust their administrative remedies. Pursuant to the AOPA, a party must exhaust its administrative remedies prior to seeking judicial review. IND. CODE § 4–21.5–5–4. Thus, resort to the judicial process must be postponed until administrative remedies capable of rectifying the claimed error have been pursued to finality. *Carlson v. Miller*, 455 N.E.2d 951, 953 (Ind.Ct.App.1983). This doctrine allows the agency to act without interference from the judicial branch and precludes a trial court from exercising jurisdiction over the case until the agency has acted. *Austin Lakes Joint Venture v. Avon Utilities, Inc.*, 648 N.E.2d 641, 644 (Ind. 1995). The doctrine of exhaustion of remedies is jurisdictional and, if applicable, makes the dismissal of a complaint for lack of subject matter jurisdiction appropriate. *Id.*

■ However, the exhaustion rule assumes that an available statutory remedy exists at the time the challenged judicial relief is sought. *Indiana State Dep't of Welfare v. Stagner*, 410 N.E.2d 1348, 1351 (Ind. Ct.App.1980). Thus, the exhaustion of remedies doctrine will be departed from when compliance with the rule would be futile, as when an administrative body arbitrarily delays in taking action on a party's case or simply refuses to act as required by law. For example, in *Indiana State Highway Comm'n v. Zehner*, 174 Ind.App. 176, 178, 366 N.E.2d 697, 698 (1977), a landowner, who was forced to relocate due to the placement of an interstate highway, submitted a claim for reimbursement of relocation expenses to the State Highway Commission. Thereafter, the Commission failed to approve or disap-

---

1. Oral argument was held in Indianapolis on   June 30, 1998.

prove of the claim for more than three years. *Id.* at 178, 366 N.E.2d at 699. As a result, the landowner filed a complaint in the trial court, seeking judicial relief from the Commission's inactivity. *Id.* The trial court assumed jurisdiction over the case and ordered the Commission to approve and pay the landowner's claim. *Id.* at 179, 366 N.E.2d at 699.

On appeal, the Commission contended that the trial court did not have jurisdiction over the case because no formal decision had been rendered by the Commission. *Id.* at 180, 366 N.E.2d at 700. This court disagreed, concluding that, although judicial review generally may not be had until there has been a final decision by the agency, where an agency arbitrarily delays in rendering a decision, a trial court may acquire jurisdiction and order the administrative body to act even though administrative remedies have not been exhausted. *Id.* at 184, 366 N.E.2d at 702; *See also Indiana Alcoholic Beverage Comm'n v. State ex rel. Harmon,* 269 Ind. 48, 57–58, 379 N.E.2d 140, 146 (1978) (trial court has power to compel alcoholic beverage commission to approve or deny application for retail liquor permit after commission failed to act within reasonable time).

■ In the instant case, Providers submitted 351 claims which the OMPP had a statutory duty to pay, deny or suspend within the time frame set forth under the Medicaid statutes.[2] Although we do not agree with Providers' contention that once the OMPP failed to act within the requisite time period, it lost that ability forever, we do find that the OMPP did have a duty to act within a reasonable time. *See Indiana Civil Rights Comm'n v. Indiana Dep't of Aging and Community Services,* 529 N.E.2d 872, 876 (Ind.Ct.App.1988) (implied within the agen-

cy's power to act is the duty to act within a reasonable time), *trans. denied.* Despite this clear legal duty, the OMPP failed to take action on any of the claims over a period of four years. Moreover, at the time the Providers filed their claims, there was no statutory remedy available, prescribing a consequence for the agency's inaction.[3] Thus, requiring the Providers to seek agency review of the OMPP's inaction would have been a futile gesture and, as a result, Providers were not required to exhaust their administrative remedies. Thus, the trial court properly acquired subject matter jurisdiction over the Providers' complaint.

■ However, our inquiry does not end there. We must also examine the nature of the Providers' complaint to determine whether the trial court had the authority to grant the relief which the Providers sought. *See Bolerjack v. Forsythe,* 461 N.E.2d 1126, 1133 (Ind.Ct.App.1984) (trial court's judgment is valid only if court has jurisdiction over the subject matter, jurisdiction over the person and the power or authority to render a particular judgment). In their complaint, Providers asked the trial court to find that a single account stated, comprising the total of the 351 separate claims, had been created after the OMPP failed to act within the requisite time period.

■ An account stated is an agreement between the parties that all items of an account and balance are correct, together with a promise, expressed or implied to pay the balance. *Auffenberg v. Board of Trustees of Columbus Regional Hosp.,* 646 N.E.2d 328, 331 (Ind.Ct.App.1995). The agreement may be inferred from the delivery of the statement coupled with the recipient's failure to object within a reasonable period of time.

2. The time within which the OMPP had to rule on the Providers' claims depends on the date on which the claims were submitted. IND. CODE § 12–15–13–1, which was enacted in February of 1992, provided that the OMPP was required to pay each eligible claim submitted by a provider "not more than forty-five (45) days after [it] receive[d] information required to determine whether the claim [was] payable under the Medicaid program." In 1996, the legislature added I.C. § 12–15–13–1.6, which became effective April 1, 1996, and which states that the office shall pay, deny or suspend each claim "not more

than thirty (30) days after the date the claim is received." The statute further provides that the office "shall pay or deny each clean claim" within twenty-one (21) days if the claim is filed electronically. I.C. § 12–15–13–1.7.

3. Although, at the time Providers filed their claims, no statutory remedy was available for OMPP's delay, in 1996 the legislature added I.C. § 12–15–13–1.7 which requires the OMPP to pay interest on claims which are not ruled on within the period set forth in that same section.

*Id.* According to Providers, the OMPP impliedly agreed to pay each and every claim submitted by them because it failed to dispute or deny the claims within the time required by law.

Although we agree that an account stated may be created when a recipient fails to object within a reasonable time to a submitted balance, *Jasper Corp. v. Manufacturers' Appraisal Co.,* 153 Ind.App. 457, 460, 287 N.E.2d 781, 782 (1972), each party to the transaction must view the account as a final adjustment of the respective demands between them. *Urbanational Developers, Inc. v. Shamrock Eng'g, Inc.,* 175 Ind.App. 416, 428, 372 N.E.2d 742, 750 (1978). An account rendered for some other purpose will not be given the force and effect of an account that can be converted to an account stated. *Id.*

In the instant case, Providers submitted each individual claim for the purpose of seeking reimbursement for the Medicaid services provided. It did not submit the claims with the understanding that they would be considered by the OMPP as a final adjustment of the demands between them. Rather, Providers were aware that the OMPP would have to consider each claim individually to determine whether the Providers were entitled to reimbursement. Thus, no account stated was created. Furthermore, we cannot agree that when an agency fails to take action with the time period provided by statute, the claims become "admittedly valid." Appellant's Brief at 8. In some instances, an agency may have valid reasons why it is unable to immediately address certain matters. Although we do not condone the OMPP's failure to act within a reasonable amount of time, their inaction alone does not render the claims an account stated. Thus, the trial court did not have the authority to order the OMPP to pay Providers' the full amount of their claims as an account stated.

We similarly conclude that because no account stated or otherwise "admittedly valid" claims were created, there was no ministerial act that the trial court could have ordered the OMPP to perform. This court has held that unless an agency decision can be made as a matter of law, the court may not order the agency to perform a certain act but only to act expeditiously. *Zehner,* 174 Ind.App. at 185, 366 N.E.2d at 702. As stated above, the agency has to consider each claim separately to determine its validity. Because this discretionary act lies within the province of the OMPP, the trial court could have ordered the OMPP only to rule on the claims expeditiously.

### CONCLUSION

In conclusion, because the OMPP arbitrarily delayed in taking action on the Providers' claims over a period of four years, the Providers were not required to exhaust their administrative remedies and were entitled to seek judicial relief. Thus, the trial court properly acquired subject matter jurisdiction over the Providers' complaint. However, the trial court did not have the authority to order the OMPP to pay the full amount of the claims as an account stated. Rather, because the OMPP must consider each of the Providers' claims separately to determine their validity, the trial court had the authority only to order the OMPP to expeditiously determine their claims.

The dismissal of the Providers' complaint is reversed and this cause is remanded to the trial court with instructions to order the OMPP to act expeditiously in determining the Providers' claims.

SULLIVAN and KIRSCH, JJ., concur.