ATTORNEY FOR APPELLANT

David L. Pippen    

Indianapolis, Indiana      

ATTORNEYS FOR APPELLEE

Jeffrey A. Modisett

Attorney General of Indiana

Vincent S. Mirkov    

Angela Mansfield

Deputy Attorneys General

Indianapolis, Indiana

IN THE

SUPREME COURT OF INDIANA

STATE BOARD OF TAX COMMISSIONERS,)

         )

Appellant, ) 

 ) 

) 

v. ) Indiana Supreme Court

) Cause No. 49S00-9806-TA-326

) 

L.H. CARBIDE CORPORATION,    ) 

)

Appellee. )

­

APPEAL FROM THE INDIANA TAX COURT

The Honorable Thomas G. Fisher, Judge

Cause No. 49T10-9701-TA-72

­

ON PETITION FOR INTERLOCUTORY APPEAL

December 7, 1998

BOEHM, Justice.

This case raises essentially the same issue as 
State Bd. of Tax Comm’rs v. Mixmill Mfg. Co.
, ___ N.E.2d ___ (Ind. 1998), also decided today, with one additional twist.  The issue in this case is whether the Tax Court has jurisdiction to hear a direct appeal from a taxpayer against the State Board of Tax Commissioners when the County Board of Review fails to act on a Petition for Correction of Errors, as opposed to the Petition for Review of Assessment involved in 
Mixmill
.  We conclude that the Tax Court does not have jurisdiction over the appeal in these circumstances.  However, the Tax Court does have jurisdiction to compel the County Board of Review to act in a mandamus action.

In this case, L. H. Carbide Corporation (“L.H. Carbide”) filed a Form 133, Petition for Correction of Errors (“Petition for Correction”) for the tax years 1989, 1990, and 1991 with the County Auditor in January, 1992.  This is an alternative route to the Petition for Review filed by the taxpayer in 
Mixmill
, ___ N.E.2d at ___ (Ind. 1998).  No action was taken on Carbide’s petition by the County Board of Review, and the State Board never received it.  On January 6, 1997, L.H. Carbide filed an original tax appeal in the Tax Court against the State Board asking for all proper relief.  The State Board moved to dismiss Carbide’s appeal for lack of jurisdiction.  The Tax Court denied the motion and ordered that the Petition for Correction be refiled with the County Auditor for action.  The Tax Court ordered the State Board “to use its good offices to induce [the County] to act” if the County  had not done so within 90 days of Carbide’s resubmission of the Petition for Correction.  The State Board sought interlocutory appeal of the Tax Court’s order and the Tax Court certified the order pursuant to Appellate Rules 18(C) and 4(B)(6).

Both this taxpayer and Mixmill sought to appeal to the Tax Court based on a failure of the County Board of Review to act.  The analysis and result is the same here as in 
Mixmill
, except that, unlike Mixmill’s Petition for Review that is subject to time limitations for County action, Petitions for Correction are subject to no time limitations for County action at all.  
See
 
Ind. Code
 § 6-1.1-15-12 (1988).
(footnote: 1)
Under these circumstances, the law implies a duty to act in a reasonable time. 
MHC Surgical Ctr. Assocs., Inc. v. Office of Medicaid Policy & Planning
, 699 N.E.2d 306, 309 (Ind. Ct. App. 1998); 
Indiana Civil Rights Comm’n v. Indiana Dep’t of Aging & Community Servs.
, 529 N.E.2d 872, 876 (Ind. Ct. App. 1988).  Whatever a reasonable time means, it is surely not five years.  Accordingly, L.H. Carbide is entitled to seek mandamus.  As in 
Mixmill
, we would hope that county officials will not put the taxpayer or themselves to the expense of such a proceeding.  We also would find it helpful if the General Assembly would prescribe precise time limits for county action, to make clear when a duty to act has been breached and mandamus is appropriate, rather than leaving this to case-by-case development.

Conclusion

When a County Board of Review fails to act within a reasonable time frame on a taxpayer’s Petition for Correction, the taxpayer may bring a mandamus action in the Tax Court against the county officials.  The Tax Court does not have jurisdiction over a direct appeal in these circumstances.  This case is remanded to the Tax Court with direction to grant the State Board's motion to dismiss for lack of jurisdiction. 

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur

FOOTNOTES
1:
The current code provisions for Petitions for Correction are unchanged in this respect.  
See
 
Ind. Code
 § 6-1.1-15-12 (1998).