**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 27 2014, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN R. PATMORE**
Patmore Law Office
Santa Claus, Indiana

ATTORNEY FOR APPELLEE:

**DANIEL R. WILKINSON**
Robinson, Wilkinson & Pulley, LLP
Rockport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAYNE L. DELLAMUTH and ANITA M. DELLAMUTH, | ) ) ) | |
| Appellants, | ) ) | |
| vs. | ) ) | No. 74A01-1404-CC-165 |
| KEN'S CARPETS UNLIMITED, INC. d/b/a CARPETS UNLIMITED, | ) ) ) ) | |
| Appellee. | ) | |

APPEAL FROM THE SPENCER CIRCUIT COURT
The Honorable Jonathan A. Dartt, Judge
Cause No. 74C01-1208-CC-414

**August 27, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Layne and Anita Dellamuth appeal the trial court's order granting summary judgment in favor of Carpets Unlimited on Carpets Unlimited's complaint against the Dellamuths for failure to pay a balance owed on an account stated. The Dellamuths do not contend that there were any issues of material fact; rather, they argue that as a matter of law, there was no account stated between the parties.

We find that the undisputed facts establish that the parties reached an agreement for the provision of materials and services in exchange for a fixed amount of money. The Dellamuths have never objected to the amount charged by Carpets Unlimited pursuant to that agreement, and the undisputed facts establish that Carpets Unlimited did, in fact, perform the bargained-for work. Under these circumstances, we find that summary judgment was properly granted and affirm the judgment of the trial court.

FACTS

On December 12, 2008, the Dellamuths purchased flooring materials and installation services from Carpets Unlimited. The Dellamuths agreed to pay a total amount of $33,345.44, and made an initial payment, leaving a balance due of $23,126.83. Carpets Unlimited subcontracted the work to Jared Keeton. After Keeton performed the work, a dispute arose between the Dellamuths and Keeton regarding the quality of the work performed and the amount of his bill for the work performed. On December 30, 2008, Keeton recorded a Mechanics' Lien against the Dellamuths' real estate in the amount of $8,700 plus interest. In February 2009, Carpets Unlimited corrected Keeton's

work at no extra cost to the Dellamuths. The lien expired on December 30, 2009, and was not enforced by Keeton.

On August 24, 2011, Carpets Unlimited sent a letter and invoice to the Dellamuths by certified mail, requesting payment of the $23,126.83 balance due for the materials and labor provided. Layne Dellamuth signed the certified mail receipt on August 27, 2011. The Dellamuths did not respond to the letter and invoice in any way. On June 26, 2012, Carpets Unlimited sent another letter to the Dellamuths by certified mail, again requesting payment of the balance due. This letter was returned as unclaimed on August 1, 2012, following multiple attempts at delivery.

On August 17, 2012, Carpets Unlimited filed a complaint against the Dellamuths for their failure to pay the balance due, arguing solely that the Dellamuths had failed to pay the balance due under the account stated between the parties. On January 11, 2013, Carpets Unlimited filed a motion for summary judgment on the complaint, and the Dellamuths filed a cross-motion for summary judgment on March 18, 2013. The Dellamuths did not file any counter-affidavits raising any disputed issues of fact. On March 12, 2014, the trial court granted summary judgment in favor of Carpets Unlimited, finding that the Dellamuths "received goods and services from [Carpets Unlimited] and [have] failed to pay for them." Appellant's Br. p. 10. The trial court entered judgment in the amount of $38,822.11, which is the total of the balance due, finance charges accrued since the Dellamuths received the first invoice in August 2011, and attorney fees. The Dellamuths now appeal.

The Dellamuths argue that, as a matter of law, the agreement and relationship between the Dellamuths and Carpets Unlimited did not establish an account stated. As a result, they contend that the trial court erred in granting summary judgment in favor of Carpets Unlimited.

We apply a de novo standard of review to a trial court's order granting summary judgment. Alldredge v. Good Samaritan Home, Inc., 9 N.E.3d 1257, 1259 (Ind. 2014). Therefore, we apply the same standard as the trial court: summary judgment is appropriate only where the movant demonstrates there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Id. We resolve all questions and view all evidence in the light most favorable to the non-movant, so as to not improperly deny him his day in court. Id.

The resolution of this case hinges on whether, as a matter of law, there was an account stated reached between the Dellamuths and Carpets Unlimited. An account stated is "an agreement between the parties that all items of an account and balance are correct, together with a promise, expressed or implied, to pay the balance." MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy and Planning, 699 N.E.2d 306, 309 (Ind. Ct. App. 1998). The account stated "operates as a new contract without the need for renewed consideration, and the plaintiff does not need to plead and prove the creation and performance of each contract underlying the account." B.E.I., Inc. v. Newcomer Lumber & Supply Co., Inc., 745 N.E.2d 233, 236 (Ind. Ct. App. 2001). An

4

agreement that the balance is correct "'may be inferred from delivery of the statement and the account debtor's failure to object to the amount of the statement within a reasonable amount of time.'" Id. (quoting Auffenberg v. Bd. of Trustees, 646 N.E.2d 328, 331 (Ind. Ct. App. 1995)). The amount indicated on a statement is prima facie evidence of the amount owed on the account, and once a prima facie case is made, the burden of proof shifts to the account debtor to prove that the amount claimed is incorrect. Id.

In this case, the following facts are undisputed:

- On December 12, 2008, Carpets Unlimited sold materials, labor, and services to the Dellamuths on account.

- That same date, the parties agreed that the total amount due for those materials and services would be $33,345.44.

- The Dellamuths made an initial payment, leaving a balance due of $23,126.83.

- Carpets Unlimited subcontracted the installation work to Jared Keeton.

- A dispute arose between the Dellamuths and Keeton regarding the quality of his work and the amount of his bill.

- The Dellamuths did not pay Keeton's bill and he recorded a Mechanic's Lien, which he did not enforce and eventually expired.

- In February 2009, Carpets Unlimited corrected Keeton's work and reinstalled the flooring. There is no evidence that the Dellamuths objected to the corrected work.[1]

- On August 24, 2011, Carpets Unlimited sent a letter and invoice to the Dellamuths, requesting payment of the $23,126.83 balance due. The Dellamuths

---

[1] The Dellamuths attempt to inject an issue of fact into their appeal by stating that, in fact, all corrective work was not properly performed by Carpets Unlimited. The proper way to raise this issue would have been to file a counter-affidavit in response to Carpets Unlimited's summary judgment motion. As they neglected to do so, there is no evidence in the record on this issue, and we will not consider it.

5

received the letter, as established by Layne Dellamuth's signature on the certified mail receipt. They never responded in any way to the letter.

- On June 26, 2012, Carpets Unlimited sent a second invoice to the Dellamuths, which was returned as unclaimed following multiple delivery attempts.

The Dellamuths do not dispute that they reached an agreement with Carpets Unlimited for the total amount of services and materials to be provided. Nor do they dispute that, after their initial payment, the amount due to Carpets Unlimited was $23,126.83. Moreover, the Dellamuths do not raise a reviewable dispute that, following their dissatisfaction with Keeton's work, Carpets Unlimited reinstalled and re-performed all of Keeton's work, leaving the Dellamuths with the flooring they had initially requested.

The Dellamuths argue that because a dispute arose regarding the quality of Keeton's work and the amount charged for that work, they were not required to raise a further objection to the invoice sent by Carpets Unlimited. See Urbanational Developers, Inc. v. Shamrock Eng'g, Inc., 175 Ind. App. 416, 428, 372 N.E.2d 742, 750 (Ind. Ct. App. 1978) (noting that "once liability has been denied, failure to object does not convert the invoices into an account stated"); Glick v. Seufert Constr. & Supply Co., 168 Ind. App. 354, 358, 342 N.E.2d 874, 877 (Ind. Ct. App. 1976) (holding that "once an objection is made to an account, further objection to subsequently received statements is not required"). Under the specific facts of the case herein, we do not find this authority to be persuasive.

In this case, the subcontractor sent a separate bill to the Dellamuths. They objected to the amount he charged—and understandably so, given that it seems to have

6

been a charge that was levied in addition to the original amount they had agreed upon with Carpets Unlimited—and the quality of the work he performed. But it is undisputed that Carpets Unlimited rectified Keeton's work at no additional cost to the Dellamuths, and that the Dellamuths received the originally agreed-upon materials and services.[2] Moreover, the Dellamuths have never objected to the total amount charged by Carpets Unlimited. Under these circumstances, we find that their failure to object within a reasonable amount of time after receiving the invoice from Carpets Unlimited in August 2011 amounts to an agreement that the amount of the balance stated therein was correct.[3]

The Dellamuths point to caselaw holding that to find an account stated, there must have been "'prior dealings between the parties[.]'" Glick, 168 Ind. App. at 358, 342 N.E.2d at 876 (quoting Bosson v. Brash, 63 Ind. App. 86, 89, 114 N.E. 6, 7 (Ind. Ct. App. 1916)). We were unable to find any Indiana authority defining "prior dealings," but authority elsewhere provides some enlightenment on the issue. Specifically, a Florida court has explained that "there can be no liability on an account stated if there has been no mutual agreement, and from this we infer that the account stated must be based upon prior dealings out of which the account arose." Dutch Inns of Am., Inc. v. Jenkins, 301 S.2d 119, 120 (Fla. Dist. Ct. App. 1974) (emphasis added).

---

[2] It is likewise undisputed that the Dellamuths never had to pay the fees charged by Keeton, inasmuch as he did not enforce his mechanic's lien before it expired.

[3] The Dellamuths argue that the amount of the balance reflected on the invoice is ambiguous. This, however, amounts to an attempt to inject an issue of fact into the appeal. The proper time to raise this issue would have been with the trial court, in a counter-affidavit responding to Carpets Unlimited's summary judgment motion. Moreover, it likewise amounts to an untimely attempt to object to the amount of the balance due. That proverbial ship has long since sailed.

In this case, Carpets Unlimited sent an invoice to the Dellamuths in August 2011. The balance set forth in that arose out of the parties' prior dealings—specifically, from the agreement they reached in December 2008 for work to be performed and the cost of that work, and from the actual performance of that work by Carpets Unlimited in February 2009. We find that these facts establish prior dealings sufficient to meet this requirement of an account stated.

Here, the Dellamuths and Carpets Unlimited reached an agreement for materials and services to be provided to the Dellamuths, and for an amount of compensation to be provided to Carpets Unlimited in exchange. The Dellamuths received the materials and services, albeit slightly later than planned, following the unsatisfactory work of a subcontractor. When Carpets Unlimited sent the Dellamuths an invoice requesting payment in the amount of the balance due, the Dellamuths did not object. Under these circumstances, we find that the trial court did not err in awarding summary judgment in favor of Carpets Unlimited.[4]

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.

---

[4] We express no opinion on the amount of the judgment awarded by the trial court, inasmuch as the Dellamuths have not raised that issue on appeal.