## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 07 2015, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

### ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott Meisberger, d/b/a Meisberger Construction, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> D. Brent Hanger and Gregory Bishop d/b/a H & B Underground and H & B Enterprises, Inc., <br><br> *Appellees-Defendants.* | July 7, 2015 <br><br> Court of Appeals Case No. 40A01-1410-CC-453 <br><br> Appeal from the Jennings Superior Court. <br> The Honorable James D. Worton, Special Judge. <br> Cause No. 40D01-1306-CC-146 |

**Baker, Judge.**

[1] Scott Meisberger d/b/a Meisberger Construction (Meisberger) appeals the trial court's order finding in favor of D. Brent Hanger and Gregory Bishop d/b/a H&B Underground and H&B Enterprises, Inc. (collectively, H&B) on Meisberger's complaint for account stated. Finding that judgment should have been entered in Meisberger's favor, we reverse and remand with instructions.

## Facts

[2] During the relevant period of time, Meisberger operated a building and excavating business as an independent contractor. Beginning in 1997, H&B hired Meisberger to perform ongoing landscaping and irrigation services. Meisberger submitted invoices for labor and materials on a monthly basis. H&B made timely payments on the invoices until November 2007.

[3] At some point beginning at the end of 2007, Meisberger contends that H&B stopped paying in full on the invoices it received. While Meisberger kept track in his own internal records of the full amount owed, the invoices did not state a total balance due. Instead, each invoice reflected the amount owed for the previous month.

[4] The parties continued doing business with each other through the end of 2012. Although H&B made timely payments during 2010, 2011, and 2012, Meisberger contends that H&B has never made up the total balance due from its underpayments in 2008 and 2009.

[5] On June 21, 2013, Meisberger filed a complaint against H&B for account stated. H&B answered, denying the claim, and filed a counterclaim alleging

that Meisberger's lawsuit was frivolous and requesting attorney fees.[1]  A bench trial was held on September 26, 2014, and on October 1, 2014, the trial court summarily entered judgment in favor of H&B, finding that Meisberger had "failed to prove [his] case by a preponderance of the evidence."  Appellant's App. p. 29.  Meisberger now appeals.

## Discussion and Decision

[6]  At the outset, we note that H&B has not filed an appellee's brief in this appeal. When an appellee does not file a brief in response to an appeal, we need not construct arguments on the appellee's behalf.  *Neal v. Austin*, 20 N.E.3d 573, 575 (Ind. Ct. App. 2014).  In such a circumstance, we will reverse if the appellant presents a case of prima facie error.  *Id.*

[7]  An account stated "'is an agreement between the parties that all items of an account and balance are correct, together with a promise, expressed or implied, to pay the balance.'"  *B.E.I., Inc. v. Newcomer Lumber & Supply Co., Inc.*, 745 N.E.2d 233, 236 (Ind. Ct. App. 2001) (quoting *MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy and Planning*, 699 N.E.2d 306, 309 (Ind. Ct. App. 1998)).  An agreement that the balance is correct "may be inferred from delivery of the statement and the account debtor's failure to object to the amount of the statement within a reasonable amount of time."  *Id.* at 237 (quoting *Auffenberg v. Bd. of Trustees of Columbus Reg'l Hosp.*, 646 N.E.2d 328, 331

---

[1] Our review of the record does not reveal that the counterclaim has ever been ruled on.

(Ind. Ct. App. 1995)).  The amount indicated on a statement or invoice is not conclusive, "but it is prima facie evidence of the amount owed on the account. 'Once a prima facie case is made on an account stated, the burden of proof shifts to the account debtor to prove that the amount claimed is incorrect.'" *Id.* (quoting *Auffenberg*, 646 N.E.2d at 331).

[8]    In this case, H&B has never disputed the amounts contained within the monthly invoices supplied by Meisberger.  Instead, H&B argues simply that it has paid all amounts due and that there is no remaining balance that is owed.

[9]    At trial, Meisberger offered into evidence all invoices supplied to H&B from December 23, 2007, through December 13, 2012.  These invoices are contained within Plaintiff's Exhibits 1 through 5, and all were admitted into evidence with no objection from H&B.  When the invoices are totaled, the following amounts were to be paid by H&B to Meisberger on an annual basis:

- 12/23/07 – 12/28/08:    $58,984.36
- 3/8/09 – 11/30/09:      $40,425.07
- 3/31/10 – 12/10/10:     $30,960.00
- 2/1/11 – 11/1/11:       $30,000.00
- 3/31/12 – 12/13/12:     $21,150.00

Pl. Ex. 1-5.  H&B does not contend that these amounts are incorrect.

[10]   In response, H&B offered into evidence remitted checks, statements indicating withdrawals that it contends were then paid to Meisberger, and a handwritten list compiling all of these payments.  Assuming that all of this evidence was

accurate, it establishes that H&B made the following annual payments to Meisberger:

- 12/23/07 – 12/28/08:     $46,225.95
- 3/8/09 – 11/30/09:       $0
- 3/31/10 – 12/10/10:      $33,500
- 2/1/11 – 11/1/11:        $31,000
- 3/31/12 – 12/13/12:      $21,630

Pl. Ex. 6-7; Def. Ex. A.  At trial, Gregory Bishop testified that H&B was unable to find any checks representing payments from 2009.  Tr. p. 45.  At trial, however, Meisberger offered his own evidence that he received payments from H&B during the year 2009 totaling $20,000.  Pl. Ex. 1-2.

[11]     Aside from testimony from Bishop and D. Brent Hanger that they were certain H&B had paid in full on all invoices, there is no evidence supporting any contention of payments beyond that listed above.  In total, therefore, the evidence establishes that Meisberger was owed $181,519.43, and H&B paid a total of $152,355.95.  That leaves a shortfall of $29,163.48.  Meisberger made a prima facie case of the amount owed by H&B, and H&B did not designate sufficient evidence to support its contention that it had paid the amount in full.  As a result, it was erroneous for the trial court to enter judgment in H&B's favor.

[12]     As a final aside, we observe that the invoices supplied to H&B did not contain a running balance owed.  Instead, they merely stated the amount that was owed for the previous month of Meisberger's work.  We question whether an

arrangement such at this would constitute an account stated.[2]  We need not resolve that issue, however, given that there is plainly a debt that is owed by H&B to Meisberger.  The basis of the debt may sound in contract or the equitable doctrine of promissory estoppel; either of these doctrines would support Meisberger's right to a recovery.

The judgment of the trial court is reversed and remanded with instructions to enter judgment in Meisberger's favor in the amount of $29,163.48, and for further proceedings consistent with this opinion.

Najam, J., and Friedlander, J., concur.

---

[2] We also question the wisdom of this system as an accounting practice.