Angela **MURPHY**, f/k/a Angela Throckmorton, Appellant–Defendant,

v.

John F. **MORTELL**, Commissioner, Indiana Department of Insurance, Health and Hospital Corporation of Marion County, d/b/a Wishard Memorial Hospital, Appellee–Plaintiff.

No. 49A04–9702–CV–54.

Court of Appeals of Indiana.

Sept. 4, 1997.

---

Thomas R. Ruge, Gary Price, Lewis & Kappes, P.C., Indianapolis, for Appellant–Defendant.

Adam O. Crowe, Indiana Department of Insurance, Indianapolis, for Appellee–Plaintiff.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Angela Murphy appeals the trial court's grant of summary judgment in favor of John F. Mortell, Commissioner of the Indiana Department of Insurance.

We affirm.

### ISSUE

Whether Murphy's claim falls within the purview of the Indiana Medical Malpractice Act, Indiana Code 27–12–1–1 et seq.

### FACTS

On October 14, 1991, Angela Murphy and her father were involved in an automobile accident in Indianapolis. Murphy's father was killed, and Murphy was transported to Wishard Hospital in critical condition. The following day, Murphy was placed in Wishard's Surgical Intensive Care Unit. While Murphy was unconscious, and restrained to prevent her from pulling out intravenous tubes, critical care respiratory therapy technician Ira Barger molested her. Barger subsequently pleaded guilty to sexual battery.

On March 3, 1992, Murphy's counsel sent a tort claim notice to Wishard Memorial Hospital, the Board of County Commissioners, Health and Hospital Corporation, and Indiana University Hospital. (S.R. 19). Thereafter, on September 9, 1993, Murphy, Wishard and Wishard's insurer, PHICO, entered into a settlement agreement which provides in pertinent part as follows:

> In consideration of the agreement to pay the sum of One Hundred Thousand Eight Hundred Eighty Dollars ($100,880), Claimant hereby releases and forever discharges the Hospital, the Insurer, and their agents, employees, and successors, as the case may be, of and from any and all claims, demands, rights and causes of action of any kind which the undersigned Claimant now has or hereafter may have resulting from, respecting, or in any way arising out of the occurrence, including, without limitation, any claim or cause of action, whether arising from medical care or from any other source of duty of the Hospital.

(R. 123). The agreement further provided that Murphy would receive $50,000.00 immediately, and 16 annual payments of $3,180.00.

PHICO paid the claim under Wishard's general liability insurance coverage.[1]

On October 18, 1993, Murphy filed a "Petition for Payment of Excess Damages from Patient's Compensation Fund" wherein Murphy asked the court to award her $650,000.00 from the fund. Wishard's counsel filed an appearance and a disclaimer of interest, and John F. Mortell, Commissioner of the Indiana Department of Insurance, filed an answer wherein he raised the affirmative defense that Murphy had failed to state a claim upon which relief could be granted pursuant to the Indiana Medical Malpractice Act. Specifically, the Commissioner alleged that Murphy's claim sounded in general negligence or premises liability and not medical malpractice as required by the statute.

Thereafter, Murphy and the Commissioner both filed summary judgment motions. The trial court held a hearing on the motions, and issued a judgment order which provides in pertinent part as follows:

> [Murphy's] Motion for Summary Judgment denied. Defendant John Mortell as Commissioner of the Indiana Department of Insurance's Motion for Summary Judgment is granted, there being no genuine issues of material fact in relation thereto and said Defendant being entitled to judgment as a matter of law. The Court specifically finds by this judgment that Plaintiff's claim is not one for medical malpractice and accordingly, she is not entitled to recover excess damages from the Patient's Compensation Fund.

(R. 163). It is from this order that Murphy appeals.

## DECISION

Summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that the

moving party is entitled to judgment as a matter of law. *Hermann v. Yater*, 631 N.E.2d 511, 514 (Ind.Ct.App.1994), *reh'g denied*. If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. Ind.Trial Rule 56(E); *Id.*

On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Id.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.* Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Fawley v. Martin's Supermarkets, Inc.*, 618 N.E.2d 10, 12 (Ind.Ct.App.1993), *trans. denied.* On appeal, a trial court's grant of summary judgment is "clothed with a presumption of validity." *Department of Revenue v. Caylor–Nickel Clinic*, 587 N.E.2d 1311, 1312–13 (Ind. 1992).

■ Murphy argues that the trial court erred in granting the Commissioner's motion. Specifically, she posits that the "events at Wishard Hospital [gave] rise to a medical malpractice claim." Murphy's Brief, p. 8. We disagree.

■ Medical malpractice is a tort based on health care or professional services rendered by a qualified health care providers to a patient. *Doe by Roe v. Madison Center Hospital*, 652 N.E.2d 101, 103 (Ind.Ct.App.1995), *reh'g denied, trans. dismissed;* Ind.Code 27–12–2–18. It is undisputed that both Wishard and Barger, as a Wishard employee, are qualified health care providers.

A tort is a legal wrong, breach of duty, or negligent or unlawful act or omission proximately causing injury or damage to another. *Id.;* Ind.Code 27–12–2–28. Health care is an act or treatment performed or furnished, or that should have been performed or furnished, by a health care provider for, to, or

---

1. Wishard had purchased both general liability coverage and medical professional liability coverage from PHICO.

on behalf of a patient during the patient's medical care, treatment or confinement. *Id.* at 103–104; Ind.Code 27–12–2–13.

■ The Medical Malpractice Act does not specifically exclude intentional torts from the definition of malpractice; however, the Act pertains to curative or salutary conduct of a health care provider acting within his or her professional capacity, and is designed to exclude that conduct "'unrelated to the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment.'" *Doe,* at 104 (quoting *Collins v. Thakkar,* 552 N.E.2d 507, 510 (Ind.Ct.App. 1990), *trans. denied* ). Further, we are guided by the substance of the claim to determine the applicability of the Act. *Doe,* at 104.

■ In addition, the fact that conduct occurs in a health care facility cannot, by itself, transmute the conduct into the rendition of health care or professional services. *Id.* Rather, the location of an occurrence does not determine whether it falls within the purview of the Act absent some causal connection between the conduct and the nature of the patient and health care provider relationship. *Id.*

In *Doe,* Madison Center Hospital mental health counselor/orderly Bryant King sexually assaulted patient Jane Doe. As a result of the conduct, Doe contracted chlamydia. Thereafter, Doe, through her mother, Mary Roe, initiated an action alleging negligence, intentional torts, and breach of contract against King and the Hospital. The Hospital and King filed motions to dismiss for lack of subject matter jurisdiction, arguing that Doe's allegations fell within the purview of the Medical Malpractice Act, and that Doe had failed to file her complaint with the Indiana Department of Insurance. The trial court granted the motions to dismiss, and Doe appealed.

After reviewing pertinent provisions in the Medical Malpractice Act, and the facts of the case, we determined that Doe's allegations that King coerced her to engage in sexual intercourse causing her to contract a venereal disease, did not constitute a rendition of health care or professional services. We further found that the acts, although occurring

during Doe's confinement in the hospital for psychiatric care and treatment, were not designed to promote her health. Neither did they call into question King's use of skill or expertise as a health care provider.

In addition, we found that Doe's allegations did not describe the provision of professional services. Rather, they presented "'factual issues capable of resolution by a jury without application of the standard of care prevalent in the local medical community.'" *Doe,* at 104 (quoting *Collins,* 552 N.E.2d at 511) and cases cited therein. Based on the foregoing, we found that the trial court had erred as a matter of law when it found that Doe's complaint fell within the scope of the Act and dismissed the complaint. Specifically, we found that Doe's claim did not fall within the purview of the Act. Therefore, we reversed and remanded the case to the trial court.

The facts before us are analogous to those in *Doe.* Here, Murphy's allegations that Barger molested her did not constitute a rendition of health care or professional services. Further, although the acts occurred during Murphy's confinement in the hospital, the acts were not designed to promote her health and did not call into question Barger's use of skill or expertise as a health care provider. In addition, Murphy's allegations do not describe professional services. Rather, they present factual issues capable of resolution by a jury without application of the standard of care prevalent in the local medical community.

Based on the foregoing, Murphy's claim, like that in *Doe,* does not fall within the purview of the Act. Therefore, the trial court did not err in granting summary judgment in favor of the Commissioner.

Affirmed.

CHEZEM and RUCKER, JJ., concur.