**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 28 2013, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIAN D. LARSON**
Law Offices of Charles P. Dargo, P.C.
Demotte, Indiana

ATTORNEYS FOR APPELLEE:

**STEPHEN M. BRANDENBURG**
Johnson & Bell, Ltd.
Chicago, Illinois

**SHARON L. STANZIONE**
Johnson & Bell, Ltd.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS POWELL and BARBARA POWELL, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1210-CT-413 |
| | ) | |
| PORTER HOSPITAL, LLC d/b/a | ) | |
| PORTER HOSPITAL, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mary R. Harper, Judge
Cause No. 64D01-1011-CT-11564

**May 28, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Dennis and Barbara Powell appeal the trial court's dismissal of their complaint against Porter Hospital, LLC, d/b/a/ Porter Hospital ("Hospital"). We reverse and remand.

**Issue**

The Powells raise two issues, which we consolidate and restate as whether the Powells' claim falls under the Medical Malpractice Act ("the Act").

**Facts**

On June 23, 2009, Dennis was a patient at the Hospital when he slipped and fell on water or another liquid in the hallway outside of the shower area. On October 27, 2010, the Powells filed a premises liability complaint against the Hospital.[1] The Hospital filed an answer alleging that it was not the proximate cause of Dennis's injuries, that his injuries were caused by his own negligence, and that the danger was open and obvious.

On May 31, 2012, the Hospital filed a motion to dismiss without prejudice for lack of jurisdiction. The Hospital argued that Dennis was a "high fall risk" patient. Appellee's App. p. 4. According to the Hospital, Dennis's medical condition and treatment at the time of the fall would be part of the negligence claim and, therefore, the matter must be reviewed by a medical review panel under the Medical Malpractice Act. In support of its motion, the Hospital submitted the following exhibits: (1) the Powells' complaint; (2) an "Event Detail Summary"; (3) its answers to the Powells'

---

[1] Community Health Systems Professional Services Corp. was also a defendant in the action, but it was later dismissed. Count II of the complaint alleged a loss of consortium claim.

interrogatories; (4) its answer to the Powells' complaint; (5) an affidavit regarding the Hospital's status as a qualified healthcare provider; and (6) a portion of Dennis's deposition.

The Event Detail Summary noted that Dennis was admitted for a left calf hematoma and cellulitis and states:

> [P]atient requested to take a shower as ordered, nurse informed patient to wait in room, will return with towels and escort to shower. [P]atient found on the floor near the linen room stating that he fell because of water on floor in shower room. . . . . [P]atient was then informed to stay in bed for now and ask for assistance when getting up. [P]atient refused suggestion, states that he is going to shower anyway.

Id. at 21. One of the interrogatory answers provided:

> Mr. Powell requested to take a shower and the nurse instructed him to wait until she returned with towels. However, he refused to comply with her request and proceeded to the shower without assistance. Mr. Powell knew that he had problems walking due to the cellulitis and hematoma on his leg, but decided to ignore this risk and shower without assistance. Moreover, a reasonable person would infer that the area near a shower room could have slick, wet floors. Mr. Powell accepted this risk and proceeded to the shower area without assistance. If Mr. Powell had appropriately followed the nurse's instructions, the accident would not have happened.

Id. at 30. The interrogatories were completed by Gerard Kalbfell, director of the Hospital's risk management department. Dennis's deposition provided that he was never told to ask for assistance before getting up or walking around and that he did not need assistance.

The Powells responded to the motion to dismiss by arguing that their claim was a premises liability claim, not a claim that related to Dennis's medical care. The Powells presented Dennis's deposition testimony in which he testified that he was never instructed to ask for assistance when getting up and that he slipped on a puddle of water in the hallway. They also argued that there was no evidence Dennis was a high fall risk patient. The Powells also contended that the Event Detail Summary and interrogatory answers were inadmissible hearsay and should have been excluded from consideration.

The trial court granted the motion to dismiss. The trial court entered findings of fact and conclusions thereon as follows:

## FINDINGS

1. Mr. Powell was a patient at Porter Hospital on June 23, 2009. The shower available to Mr. Powell was located down the hall from his hospital room. When he wanted to take a shower, Mr. Powell did not call the nursing staff for assistance but walked down the hallway by himself and subsequently slipped and fell on a puddle of water near the shower.

2. The parties are in dispute regarding many of the important facts of this case. The Plaintiff claims Mr. Powell had not been instructed to wait for assistance before showering, nor had he been deemed a "high fall risk" prior to the fall. The Defendant contends that Mr. Powell had indeed been instructed by the nurses to wait for assistance before walking to the shower because he had been deemed a "high fall risk" based on a large hematoma on his leg and a weak gait.

\* \* \* \* \*

## CONCLUSIONS OF LAW

\* \* \* \* \*

4

In their complaint, Plaintiffs allege that the Act does not apply because Mr. Powell's fall resulted from Defendant's failure to maintain hospital premises in a reasonably safe manner, rather than from medical "malpractice." However, the Defendant contends that the allegations made by Plaintiffs do fall within the definition of "malpractice" because the parties are in dispute over facts specifically related to Mr. Powell's medical treatment. The Court has weighed the evidence and resolved these factual disputes to determine its jurisdiction.

\* \* \* \* \*

[T]he Court finds that in this case there was "a causal connection between the conduct and the nature of the patient and healthcare provider relationship." Ob-Gyn Assocs. of N. Ind., P.C. v. Ransbottom, 885 N.E.2d 734, 738 (Ind. Ct. App. 2008). Although floor cleaning may not involve the professional skill of a healthcare provider, requiring that an admitted patient be assisted when walking based on his medical condition, and then failing to assist that patient when he walks in an area where water is likely to be on the floor, does implicate professional skill. The causal connection between Mr. Powell's injury and nature of the relationship with Porter Hospital lies in question of whether hospital staff failed to assist Mr. Powell in accordance with a medical recommendation at the time of the injury. Because Mr. Powell was being treated for leg related circulatory issues, his ability to walk may have been the subject of a medical recommendation, this case falls within the realm of medical malpractice.

Appellant's App. pp. 5-8.

Regarding the admissibility of the Hospital's exhibits, the trial court found:

The Defendant submitted exhibits to support Porter Hospital's assertion that Mr. Powell was deemed a "high fall risk" and instructed not to walk without assistance. The Plaintiffs argue that the assertions contained in those exhibits are inadmissible hearsay as defined by Ind. R. Evid. 801(c). However, the evidence was not submitted by the Defendant to

5

prove that Mr. Powell was deemed a "high fall risk" and instructed not to walk without assistance, but was submitted to demonstrate that this dispute involves a question of proper medical treatment. When submitted for this purpose, the Exhibits do not contain inadmissible hearsay. Ind. R. Evid. 801(c).

Id. at 9-10. The trial court dismissed the complaint without prejudice. The Powells now appeal.

## Analysis

The Powells argue that the trial court erred when it determined that the Act is applicable to their claim rather than general premises liability principles. The Hospital claims that the trial court correctly determined that the Powells' complaint alleges medical malpractice and must be presented to a medical review panel. "Before a medical malpractice action may be commenced in any court of this state, the Medical Malpractice Act requires that a proposed complaint be presented to a medical review panel and an opinion rendered by the panel." H.D. v. BHC Meadows Hosp., Inc., 884 N.E.2d 849, 853 (Ind. Ct. App. 2008) (citing Ind. Code § 34-18-8-4). "Essentially, the Act grants subject matter jurisdiction over medical malpractice actions first to the medical review panel, and then to the trial court." Id.

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. GKN Co. v. Magness, 744 N.E.2d 397, 400 (Ind. 2001). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Id.

6

If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. Id. Under those circumstances no deference is afforded the trial court's conclusion because "appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law." Id. (quoting Bader v. Johnson, 732 N.E.2d 1212, 1216 (Ind. 2000)). We review de novo a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where the facts before the trial court are undisputed. Id.

If the facts before the trial court are in dispute, then our standard of review focuses on whether the trial court conducted an evidentiary hearing. Id. Under those circumstances, the court typically engages in its classic fact-finding function, often evaluating the character and credibility of witnesses. Id. Where a trial court conducts an evidentiary hearing, we give its factual findings and judgment deference. Id. However, where the facts are in dispute but the trial court rules on a paper record without conducting an evidentiary hearing, then no deference is afforded the trial court's factual findings or judgment because under those circumstances a court of review is "in as good a position as the trial court to determine whether the court has subject matter jurisdiction." Id. (quoting MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy & Planning, 699 N.E.2d 306, 308 (Ind. Ct. App. 1998)). We review de novo a trial court's ruling on a motion to dismiss where the facts before the court are disputed and the trial court rules on a paper record. Id. The facts here were disputed and the trial court ruled on a paper record. Thus, we conduct a de novo review of the trial court's judgment.

7

The Act, Indiana Code Article 34-18, applies to a patient or the representative of a patient who has a claim "for bodily injury or death on account of malpractice . . . ." Ind. Code § 34-18-8-1. "Malpractice" is defined as "a tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient." I.C. § 34-18-2-18. Further, "health care" is "an act or treatment performed or furnished, or that should have been performed or furnished, by a health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." I.C. § 34-18-2-13.

Indiana Code Section 34-18-8-4 provides that "an action against a health care provider may not be commenced in a court in Indiana before: (1) the claimant's proposed complaint has been presented to a medical review panel established under IC 34-18-10 (or IC 27-12-10 before its repeal); and (2) an opinion is given by the panel." Thus, whether the Powells' claim must first be submitted to a medical review panel is the issue here.

According to the Hospital, the Powells' claim necessarily will include consideration of the care the nurses provided for him, including whether they ensured that the shower area was appropriately prepared and whether the nurses ordered him not to shower by himself. Dennis counters that his complaint did not allege inappropriate care by the nurses. Rather, Dennis argues that his claim is merely a premises liability claim based on the water in the hallway.[2]

---

[2] The Restatement (Second) of Torts § 343 (1965), provides:

8

We have observed that the Act "pertains to curative or salutary conduct of a health care provider acting within his or her professional capacity[.]" OB-GYN Associates of N. Indiana, P.C. v. Ransbottom, 885 N.E.2d 734, 738 (Ind. Ct. App. 2008) (quoting Murphy v. Mortell, 684 N.E.2d 1185, 1188 (Ind. Ct. App. 2008), trans. denied), trans. denied. The Act is designed to exclude conduct that is not related to "the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment." Id. "[T]he fact that conduct occurs in a health care facility cannot, by itself, transmute the conduct into the rendition of health care or professional services." Id. "Although the location of the occurrence is indeed one factor to consider in deciding whether it falls within the purview of the Medical Malpractice Act, it is not determinative." Id. "There must be more; there must be a causal connection between the conduct and the nature of the patient and healthcare provider relationship." Id. at 738-39. "'The Act is not all-inclusive as to claims against medical providers, and a claim against a medical provider sounding in general negligence . . . rather than medical malpractice is outside the Act.'" Id. at 740 (quoting Peters v. Cummins Mental Health, Inc., 790 N.E.2d 572, 576 (Ind. Ct. App. 2003), trans. denied).

---

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Schulz v. Kroger Co., 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012).

9

We find Winona Memorial Foundation of Indianapolis v. Lomax, 465 N.E.2d 731 (Ind. Ct. App. 1984), instructive. There, Lomax was receiving physical therapy at the Winona hospital. Upon her arrival, she was instructed to change clothes in the dressing room. While walking from the dressing room to the pool area, she tripped and fell on a protruding floorboard. Winona filed a motion for summary judgment, alleging that the Act applied, but the trial court denied the motion.

On appeal, we noted that "the conditions that were the impetus for the legislature's enactment of the Medical Malpractice Act had nothing to do with the sort of liability any health care provider . . . risks when a patient, or anyone else, is injured by the negligent maintenance of the provider's business premises." Lomax, 465 N.E.2d at 739. A medical review panel has the duty of expressing its expert opinion on whether the defendant acted within the appropriate standard of care. Id. at 740. However, "the maintenance of reasonably safe premises are within the common knowledge and experience of the average person" and "[h]ealth care providers, who must make up the medical review panel . . . , are no more qualified as experts on such matters than the average juror." Id.

We further noted that Lomax's complaint alleged only premises liability and did not make allegations that would implicate the Act. Further, at the time of her fall, Lomax was unattended by any Winona employees and she was not receiving care or treatment at that time. We concluded that "[a] premises liability claim by a patient against a health care provider . . . is not within the coverage of the Medical Malpractice Act." Id. at 742. Consequently, the trial court properly denied Winona's motion for summary judgment.

Here, although Dennis's slip and fall occurred at the Hospital, that fact is not determinative. As in Lomax, the Powells' complaint does not allege any medical malpractice by the Hospital or its staff. The Powells do deny that Dennis was told not to leave his bed, but they make no argument that a failure to do so was a breach of the medical standard of care or the cause of his injury. Rather, the Powells' complaint alleges only a premises liability claim. Further, Dennis was not receiving care or treatment at the time of his fall. He was merely walking to the shower room and slipped on a liquid in the hallway. The Hospital makes much of describing Dennis as a "high fall risk" patient because of his leg injury and its claim that nurses told him to wait in bed.[3] Those facts might be relevant to a determination regarding Dennis's comparative fault, but those facts do not establish as a matter of law that the Act applies. We conclude that, as in Lomax, the Act is inapplicable here. Rather, the Powells' complaint makes a premises liability claim against the Hospital. As a result, the trial court erred by granting the Hospital's motion to dismiss.

## Conclusion

The trial court erred by concluding that the Act governed the Powells' claim. Consequently, the trial court erred by granting the Hospital's motion to dismiss. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

NAJAM, J., and BAILEY, J., concur.

---

[3] The Powells' argue the trial court erred when it failed to exclude the Hospital's allegedly inadmissible exhibits. We need not address that argument because, even if we consider the exhibits, we conclude that the Act does not apply to the Powells' action against the Hospital.

11